**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
(973) 256-9000
*Attorneys for Defendant,*
*Federal Express Corporation*

| | |
|---|---|
| WALTER P. VARGO, JR., <br><br> *Plaintiff*, <br><br> vs. <br><br> D & M TOURS, INC.; JOSE ROMAN; FEDEX CORPORATION; WILLIAM A. STAUFFER, <br><br> *Defendants*. | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY <br><br> Civil Action No. <br><br> **NOTICE OF REMOVAL** <br><br> Document Electronically Filed |

1. PLEASE TAKE NOTICE that Defendant Federal Express Corporation ("FedEx") (improperly named in Plaintiff Walter P. Vargo's, Jr.'s Complaint as "FedEx Corporation"), a Delaware corporation with its principal place of business at 3620 Hacks Cross Road, Memphis, Tennessee, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Passaic County to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441, et seq., based upon the following:

2. On or about November 5, 2021, Plaintiff Walter P. Vargo, Jr. ("Plaintiff") commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Passaic County, entitled *Walter P. Vargo, Jr., vs. D & M Tours Inc., Jose Roman, FedEx Corporation, and William A. Stauffer*, Docket No. PAS-L-003530-21. The Complaint alleges a cause of action for negligence.

3. Defendant FedEx first learned of the Complaint on or about November 11, 2021 through a downloaded copy from the New Jersey Superior Court's eCourts system. A copy of the

downloaded Complaint is annexed as Exhibit "A" hereto.

4. The Complaint alleges that on June 7, 2016, Defendant D & M Tours, Inc. ("D & M") was the owner of a bus operated by its employee, Defendant Jose Roman ("Roman"), in Lower Saucon Township, Pennsylvania. *See* Exhibit A, Complaint ¶¶ 4-5.

5. Plaintiff further alleges that Defendants Roman and William A. Stauffer ("Stauffer") negligently collided on Interstate 78. *See* id. at¶ 7. Plaintiff alleges that after the first collision between Defendants Roman and Stauffer, a second collision ensued between Defendant Stauffer and Plaintiff's vehicle. *See* id. at¶ 8.

6. The Complaint alleges that Plaintiff resides in Leavittsburg, Ohio.

7. Defendant FedEx has not yet been served with a copy of the Complaint, nor any Summons, Case Information Statement, or Track Assignment Notice. Defendant FedEx is a Delaware corporation with its principal place of business at 3620 Hacks Cross Road, Memphis, Tennessee.

8. To the best of Defendant FedEx's knowledge, Defendants D & M, Roman, and Stauffer have not yet been served with a copy of the Complaint, nor any Summons, Case Information Statement, or Track Assignment Notice. Consent of a party that has not been served as of the date of removal is not necessary. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal").

9. Upon information and belief, Defendant D & M is a New Jersey corporation with its principal place of business at 117 East 7th Street, Paterson, New Jersey. To the best of Defendant FedEx's knowledge, Defendant D & M has not been formally served with a copy of the Complaint, nor any Summons, Case Information Statement, or Track Assignment Notice. Furthermore, as of the date of this Notice of Removal, no affidavit of service on D & M has been filed by Plaintiff

with the New Jersey Superior Court.

10. Upon information and belief, Defendant Jose Roman is a citizen of the State of New Jersey, residing in Paterson, New Jersey. To the best of Defendant FedEx's knowledge, Defendant Roman has not been formally served with a copy of the Complaint, nor any Summons, Case Information Statement, or Track Assignment Notice. Furthermore, as of the date of this Notice of Removal, no affidavit of service on Roman has been filed by Plaintiff with the New Jersey Superior Court.

11. Defendant Stauffer was employed by FedEx on the date of the accident alleged in the Complaint. Stauffer has confirmed with Defendant FedEx's undersigned counsel that he resided in the State of Pennsylvania at the time of the alleged accident, and still resides in the State of Pennsylvania as of the date the Complaint was filed and as of the date of this Notice of Removal. To the best of Defendant FedEx's knowledge, Defendant Stauffer has not been formally served with a copy of the Complaint, nor any Summons, Case Information Statement, or Track Assignment Notice.  Furthermore, as of the date of this Notice of Removal, no affidavit of service on Stauffer has been filed by Plaintiff with the New Jersey Superior Court.

12. There existed diversity of citizenship between Plaintiff, a resident and citizen of the State of Ohio, on the one hand, and Defendant FedEx (a Delaware corporation with its principal place of business in the State of Tennessee), Defendant D & M (a New Jersey Corporation with its principal place of business in the State of New Jersey), Defendant Roman (a resident of the State of New Jersey), and Defendant Stauffer (a resident of the State of Pennsylvania), on the other hand, when the Complaint was filed on or about November 5, 2021. Complete diversity of citizenship continues to exist among Plaintiff and all Defendants at the time this Notice of Removal is being filed.

13. The Complaint in this action includes, *inter alia*, a claim of negligence against Defendants, which, according to Plaintiff, resulted in him being "violently thrown about inside his tanker," causing him to incur "various serious and permanent injuries;" "present and future suffering and great pain;" "medical bills in excess of $75,000.000 for treatment and care;" "lost wages in excess of $100,000.00;" "a worker's compensation lien in the approximate sum of $110,000.00;" and "in the future, [Plaintiff] will be caused great pain, suffering, mental anguish and medical expenses, all to Plaintiff's great loss and damage." Exhibit A, Complaint, ¶ 10.

14. While Defendant FedEx denies all liability to Plaintiff and denies that Plaintiff is entitled to any of the relief asserted against it in the Complaint, the amount in controversy exceeds the $75,000.00 jurisdictional amount under 28 U.S.C. § 1332. As alleged in the Complaint, Plaintiff is claiming "medical bills in excess of $75,000.000 for treatment and care;" "lost wages in excess of $100,000.00;" and "a worker's compensation lien in the approximate sum of $110,000.00," among other damages. Exhibit A, Complaint, ¶ 10.

15. This United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and each of the Defendants and in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16. Pursuant to <u>Encompass Ins. Co. v. Stone Mansion Rest., Inc.</u>, when federal jurisdiction is premised only on diversity of the parties, the forum defendant rule applies. *See* 902 F.3d 147 (3d Cir. 2018). at 151-52. The forum defendant rule provides that "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." <u>Id</u>.; *see also* 28 U.S.C. § 1441(a)-(b). The Third Circuit held that the plain meaning of

28 U.S.C. § 1441(b) "precludes removal based on in-person citizenship only when the defendant has been properly joined and served." Id. (emphasis added). In so doing, the Third Circuit permitted removal to federal court prior to formal service of any defendant who is a citizen of the State in which the action is brought. *See* id. at 153-54.

17. Here, Defendants D & M and Roman are both citizens of New Jersey, which triggers the forum defendant rule since the Complaint was filed in New Jersey. However, since, upon information and belief, neither D & M nor Roman has been joined or served and no affidavits of service have been filed by Plaintiff, removal based on diversity jurisdiction by Defendant FedEx is permitted.

18. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and Case Information Statement, which constitute the only process, pleadings, or papers filed in this action, are attached hereto as Exhibit "A."

19. Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days of Defendant FedEx's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

20. Based upon the allegations of the Complaint and the nature of the negligence claim(s) asserted therein, the amount in controversy exceeds the $75,000.00 jurisdictional amount under 28 U.S.C. § 1332 and diversity of citizenship exists between Plaintiff and Defendants.

21. Therefore, this action is properly removable to this United States District Court pursuant to 28 U.S.C. § 1441.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court of New Jersey, Law Division, Passaic County, and is being served upon Plaintiff's counsel of record.

23. In filing this Notice of Removal, Defendant FedEx does not waive any defects in service of process, venue, or personal jurisdiction.

24. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

              SCHOEMAN UPDIKE KAUFMAN
              & GERBER LLP
              *Attorneys for Defendant,*
              *Federal Express Corporation*

            By: _____
                Steven Gerber
                Alexandra Saites

Dated: November 16, 2021

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Passaic County, which is the subject of this Notice of Removal, the matter in controversy is not, to the best of Defendant's knowledge, information, and belief, the subject of any other action currently pending in any court, or of any pending arbitration or administrative proceeding.

                                                   SCHOEMAN UPDIKE KAUFMAN
                                                   & GERBER LLP
                                                   *Attorneys for Defendant,*
                                                   *Federal Express Corporation*

By:   */s/ Steven Gerber*          
           Steven Gerber

Dated: November 16, 2021

## **CERTIFICATION OF SERVICE**

I hereby certify that on this date, I caused to be served via ECF and via FedEx delivery a true and correct copy of the foregoing Notice of Removal on:

> John J. Piserchia, Esq.
> MONTANARI LAW GROUP, LLC
> 1 Lower Notch Road
> Little Falls, New Jersey 07424
> Phone: 973-785-8181
> *Attorneys for Plaintiff*

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Steven Gerber

Dated: November 16, 2021

8