#### UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WALTER P. VARGO, JR.,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**D&M TOURS, INC. et al.,**<br><br>    **Defendants.** | Civ. No. 2:21-cv-20030 (WJM)<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.

  Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds this action is barred by the applicable statute of limitations. ECF Nos. 8, 10. The Court did not hear oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the motion is **GRANTED**.

### I. FACTS AND PROCEDURAL HISTORY

  This negligence action arises out of a multi-vehicle accident that occurred more than five and a half years ago on Interstate Route 78 in Lower Saucon Township, Northampton County, Pennsylvania. Compl. ¶ 2. The Complaint alleges that on June 7, 2016, Plaintiff Walter P. Vargo, Jr., ("Plaintiff") suffered serious and permanent injuries when Defendant Jose Roman ("Roman"), driving a bus owned by Defendant D&M Tours, Inc. ("D&M Tours"), and Defendant William A. Stauffer ("Stauffer"), driving a tractor-trailer owned by Defendant Federal Express Corporation ("FedEx"), collided, and Stauffer subsequently collided with Plaintiff, also driving a tractor-trailer. *Id.* ¶¶ 5-10.

  This is not the first time that Plaintiff has attempted to litigate this matter. The Complaint alleges that he originally brought his claims in the United States District Court for the Northern District of Ohio (the "N.D. Ohio District Court") on June 6, 2018. *Id.* ¶ 1. The N.D. Ohio District Court dismissed the case without prejudice on May 7, 2019, *id.*, finding Plaintiff filed the case "in a court that neither had personal jurisdiction over Defendants nor was the proper venue for this action," and declining to *sua sponte* transfer the matter because Plaintiff "failed to respond or otherwise participate in the motion practice before this Court." *Vargo v. D & M Tours, Inc.*, No. 18-1297, 2019 WL 2009278, at *7 (N.D. Ohio May 7,

2019).[1]  On June 7, 2019, Plaintiff filed a motion to vacate the judgment and transfer the case to the United States District Court for the Eastern District of Pennsylvania.  Compl. ¶ 1.  The N.D. Ohio District Court denied the motion on March 2, 2020, finding, *inter alia*, that Plaintiff's mistake in choosing the Court as the proper venue was "obvious, elementary, and not due to an erroneous guess regarding an elusive fact," and there was no "exceptional or extraordinary circumstances that would allow the Court to vacate its prior judgment."  *Vargo v. D & M Tours, Inc.*, No. 18-1297, 2020 WL 999793, at *5 (N.D. Ohio Mar. 2, 2020).  The Court reiterated Plaintiff had been silent in his case for a full year and "did not even once request transfer during the eleven months this case pended."  *Id.* at *2, 4.  Plaintiff appealed the decision to the United States Court of Appeals for the Sixth Circuit, which affirmed the N.D. Ohio District Court's decision, and then filed a petition for writ of certiorari in the United States Supreme Court, which denied the petition on October 4, 2021.  Compl. ¶ 1; *Vargo v. D & M Tours, Inc.*, 841 F. App'x 794 (6th Cir. 2020), *cert. denied*, 142 S. Ct. 99 (2021).

On November 5, 2021, Plaintiff filed the present Complaint in the Superior Court of New Jersey, Passaic County, Law Division.  Notice of Removal ¶ 2.  He alleges he brings this action pursuant to *Berke v. Buckley Broadcasting Corp.*, 359 N.J. Super. 587, 821 A.2d 218 (App. Div. 2003), presumably invoking the equitable doctrine of substantial compliance to cure any statute of limitations issue.  Compl. ¶ 1.  Before any of the Defendants were served, FedEx removed the case to this Court on November 16, 2021, pursuant to 28 U.S.C. § 1441 and § 1446.  *See generally*, Notice of Removal.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on the diverse citizenship of the parties and an amount in controversy exceeding $75,000.[2]

Defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 8, 10.  They argue Plaintiff's claims are barred by New Jersey's two-year statute of limitations for personal injury claims, and that Plaintiff cannot avail himself of the doctrine of substantial compliance because he failed to diligently litigate his case.  *See generally*, Def. Br., ECF No. 8-1.  In response, Plaintiff filed an untimely, two-page

---

[1] On a Rule 12(b)(6) motion to dismiss, the Court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."  *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

[2] Plaintiff is a citizen of Ohio; FedEx is a citizen of Delaware and Tennessee, the states in which it is incorporated and has its principal place of business, respectively; D&M Tours is a citizen of New Jersey for those same reasons; Stauffer is a citizen of Pennsylvania; and Roman was a citizen of New Jersey.  Notice of Removal ¶ 12.  Counsel represents that Roman is now deceased, having passed away on November 30, 2020.  Def. Br. at 3, n.1, ECF No. 8-1.  Generally, where federal jurisdiction is premised solely on diversity of the parties, 28 U.S.C. § 1441(b)(2)'s forum defendant rule applies and precludes removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).  D&M Tours and Roman's New Jersey citizenship does not trigger that rule to preclude removal here, however, as neither party had been served at the time of removal.  *See* Notice of Removal ¶ 17; *Encompass Ins.*, 902 F.3d at 152 ("[§ 1441(b)(2)'s] plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served.").  Accordingly, the Court is satisfied this case was properly removed.

letter brief that largely ignores the procedural history of this matter, merely concludes a finding of substantial compliance with the statute of limitations is warranted, and states that for the Court to find otherwise would only lay the foundation for a legal malpractice suit. *See generally*, Pl. Opp., ECF No. 11. Defendants filed letters in reply. ECF Nos. 12, 13.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). The Court finds such to be the case here, and dismissal of this action, with prejudice, is warranted.

The Complaint plainly demonstrates that Plaintiff's claims are time-barred. New Jersey's statute of limitations governing personal injury claims, including claims sounding in negligence, is two years. N.J. Stat. Ann. § 2A:14-2. Plaintiff alleges the motor vehicle accident occurred on June 7, 2016, causing him to be "violently thrown about in his tanker" and to suffer "serious and permanent injuries." Compl. ¶¶ 2, 9-10. His claims accrued that day, *see Yarchak v. Trek Bicycle Corp.*, 208 F. Supp. 2d 470, 479 (D.N.J. 2002), and five and half years then lapsed before Plaintiff filed the Complaint in New Jersey state court on November 5, 2021.

Aware his claims are time-barred, Plaintiff attempts to salvage them by invoking the doctrine of substantial compliance. Compl. ¶ 1. To show substantial compliance with a statute of limitations, a plaintiff must demonstrate: (1) a lack of prejudice to the defendant; (2) steps taken to comply with the statute involved; (3) general compliance with the purpose of the statute; (4) reasonable notice of the claims; and (5) a reasonable explanation for the failure to strictly comply with the statute. *Fahey v. Hollywood Bicycle Ctr., Inc.*, 386 F. App'x 289, 291 (3d Cir. 2010) (quotation marks and citation omitted); *Berke*, 359 N.J. Super at 598, 821 A.2d at 125. This is necessarily a fact-sensitive analysis, *see Abraham v. Rothkopf*, No. 07-2254, 2008 WL 3413850, at *2 (D.N.J. Aug. 8, 2008), but the Court need only look to the procedural posture of Plaintiff's prior action in the N.D. Ohio District Court to ascertain that he failed to diligently pursue his claims in an appropriate venue, such that he is not entitled to a flexible application of the statute of limitations.[3]

To begin, Plaintiff filed his initial Complaint in the N.D. Ohio District Court on June 6, 2018, two years after the accident and one day before Ohio's two-year statute of limitations for personal injury claims expired. *See Sumate v. Wal-Mart, Inc.*, No. 20-911, 2022 WL 44666, at *1 n.1 (S.D. Ohio Jan. 5, 2022) ("Claims for bodily injury generally have a two-

---

[3] The Court "may take judicial notice of the contents of another Court's docket." *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 (3d Cir. 2014).

year statute of limitations under [Ohio Rev. Code § 2305.10(A)]."). The docket in that matter reflects that other than filing the Complaint, Plaintiff remained silent for the pendency of the litigation. *See* Docket, *Vargo v. D & M Tours, Inc.*, No. 4:18-cv-1297-JRA (N.D. Ohio). He did not oppose, respond, or otherwise object to any motion practice, nor does it appear he ever moved for or requested transfer of the matter to another venue prior to the case's dismissal. *Id.* The N.D. Ohio District Court dismissed the action on May 7, 2019, for improper venue and lack of personal jurisdiction, and declined to *sua sponte* transfer the matter. *Vargo*, 2019 WL 2009278, at *7. The dismissal was without prejudice, presumably so Plaintiff could re-file his case in the appropriate venue. And though "dismissals [for improper venue] will bar actions that are not refiled in the proper forum within the forum state's statute of limitations," *Lafferty v. St. Riel*, 495 F.3d 72, 79 (3d Cir. 2007), *as amended* (July 19, 2007), *as amended* (Nov. 23, 2007), there is no evidence that Plaintiff ever attempted to re-file his case. Instead, he pursued a series of unsuccessful post-judgment motions and appeals, none of which affected the finality of the case's dismissal. More than five years after the accident, Plaintiff attempts to revive his case by refiling it in the state of New Jersey, which is only tied to the accident on account of D&M Tours and Roman's New Jersey citizenship.[4] To now argue that he substantially complied with a two-year statute of limitations strains credulity. It is evident Plaintiff did not diligently pursue his claims, and thus he cannot avail himself of the doctrine of substantial compliance to save them here. The Court therefore grants Defendants' motion and dismisses Plaintiff's Complaint with prejudice.

### III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, ECF Nos. 8, 10, is **GRANTED** and the Complaint is **DISMISSED with prejudice**. An appropriate Order shall follow.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  February 23, 2022**

---

[4] As Defendants have not raised arguments concerning personal jurisdiction or improper venue in their Rule 12(b)(6) motion, the Court does not opine on these issues, and considers the defenses waived for purposes of resolving the instant motion. *See Hull v. Glob. Digital Sols., Inc.*, No. 16-5153, 2018 WL 4380999, at *11-12 (D.N.J. Sept. 14, 2018) (finding defendant waived personal jurisdiction and improper venue as defenses when he did not raise them as arguments in his initial 12(b)(6) motion to dismiss).